WILLIAM F. MULLIN

*v.*

EMMA L. VOGT et al.

[Decided January 19th, 1914.]

1. Contemporaneously with the execution of a written lease by the defendant to the complainant, there was also executed a written agreement by the terms of which the landlord, defendant, agreed to convey to the complainant, lessee, at the expiration of the lease, or prior thereto, on request, the property so leased, by deed of warranty free from all encumbrance. The landlord, defendant, was unable to perform this contract because the premises are subject to an easement or right of way, and on being requested by the complainant, lessee, to make the conveyance in the way bargained for, refused, stating that she could only deliver a deed that would except the right of way.—*Held*, that this refusal did not terminate the lease.

2. The natural effect of calling upon the landlord, defendant, to fulfill her agreement to give title free from encumbrance, in case she declares her inability to do so because of the existence of the easement, is to relieve complainant, lessee, from any obligation on his part to perform it. If it is to have any further effect, it can only be because of some explicit provision on the subject and such provision is wanting.

*Mr. Ralph E. Lum,* for the complainant.

*Mr. Joseph Kahrs,* for the defendant.

STEVENS, V. C.

This is a bill asking for an injunction to restrain an action at law to recover rent payable on a written lease. The complainant admits that he has no defence to make in the law court, but he says that contemporaneously with the execution of the lease there was executed a written agreement by the terms of which his landlord, Mrs. Vogt, agreed to convey to him at the expiration of the lease, or prior thereto, on request, the property so leased, by deed of warranty free from all encum-

brance. He says further that Mrs. Vogt is unable to perform this contract because the premises are subject to an easement or right of way appurtenant to property contiguous thereto, and that she, on being requested by complainant to make the conveyance in the way bargained for, refused, stating that she could only deliver a deed that would except the right of way.

The contention is that this refusal has not only terminated the agreement, but the lease as well. Why it has ended the lease is not obvious. The lease and agreement, though executed at the same time, are contained in distinct instruments. They refer indeed to each other, but they are not made interdependent. The lease is complete in itself. It specifies its duration (five years) and how and when the rent shall be paid. It does not provide that it shall terminate or that the rent shall cease in case the agreement of sale comes or is brought to an end. To interpolate such a provision, on the ground of the intention of the parties, would be to do the very thing the complainant is objecting to, in the case of the agreement itself. The natural effect of calling upon Mrs. Vogt to fulfill her agreement to give a title free from encumbrance is, in case she declares her inability to do so because of the existence of the easement, to relieve complainant from any obligation on his part to perform it. If is it to have any further effect it can only be because of some explicit provision on the subject, and such provision is wanting.

The case of *Croome* v. *Lediard, 2 Myl. & K. 251,* commented on in *Sug. V. & P. *163,* is very much in point. By a written agreement between plaintiff and defendant the plaintiff agreed to sell to defendant property L., and by the same agreement defendant agreed to sell to plaintiff property H.; both to be valued by the same person and both purchases to be completed on the same day. It was not expressed that the two contracts were to be dependent on each other. It was held that plaintiff was entitled to a specific performance of the contract as to property L., although defendant was unable to make a good title to property H. and parol evidence to show that in reality an exchange was intended was rejected. The lord-chancellor said:

"If the agreement between the parties was in part conducted upon the basis of an exchange, why was the instrument so drawn as to suppress the real nature of the transaction?" So here with greater force may it be asked, Why, if the lease was to terminate because of the inability of the landlord to give the title she had agreed to give, was it not expressly so provided.?

I think the rule to show cause should be discharged.